NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Renander,<br><br>    Plaintiff,<br><br>v.<br><br>Benjamin Griego, et al.,<br><br>    Defendants. | No. CV-21-01311-PHX-SRB (MHB)<br><br>**ORDER** |

    Plaintiff, Joseph Renander filed a twelve count Complaint in state court against numerous Defendants who work at the CoreCivic Saguaro Correctional Center where Plaintiff is confined. The case was removed to this Court and on January 5, 2022, the Court issued its Screening Order directing some Defendants to answer some of the claims and dismissing other claims and Defendants. Plaintiff filed a Motion for Reconsideration on January 31, 2022 which was denied on February 14, 2022. Before the Court denied the Motion for Reconsideration, Plaintiff filed the pending Motion for Leave to Amend as Matter of Course and/or Motion to Enlarge Scheduling Order to Allow Amended Pleadings with Leave to Amend on February 8, 2022. Defendants responded in opposition on February 23, 2022. Plaintiff did not Reply to the Response.

    The Magistrate Judge issued her Report and Recommendation on May 9, 2022 recommending denial of the Motion because the proposed amendments failed to state a claim or were futile. Plaintiff filed timely written Objections on May 26, 2022 and Defendants responded to the Objections on June 21, 2022. The Objections will be

overruled and the Motion denied.

Plaintiff's 3-page Motion for Leave to Amend states that his proposed Amended Complaint clarifies "how he knows Robertson and Griego were responsible for the mail confiscations" and cites paragraph 24 of the proposed Amended Complaint. He further says that he added details in Count 8 regarding dismissed Defendants Rieland and Aleman "accidentally omitted from the original." Finally, Plaintiff says he "tweaked" the negligence claim and added some miscellaneous facts. Attached to the Motion is Plaintiff's 61-page, 280-paragraph proposed Amended Complaint.

In her Report and Recommendation the Magistrate Judge addressed and rejected the proposed amendments and also addressed changed paragraphs relating to the dismissed retaliation claims that Plaintiff did not mention in his motion. Regarding the dismissed First Amendment claims against Defendants Robertson and Griego, the Magistrate Judge found that the proposed amendment still failed to state a claim because of the lack of any details concerning the content of the mail withheld by Robertson and Griego from which the Court could plausibly conclude that it was not withheld for a legitimate penological purpose.

Regarding the proposed addition of a First Amendment violation of attorney/client privilege against Defendants Rieland and Aleman the Magistrate Judge found that Plaintiff had once again failed to identify with sufficient specificity any of the materials these Defendants allegedly read to demonstrate they are subject to a privilege. As the Magistrate Judge noted the Screening Order had dismissed the First Amendment Attorney/Client privilege claim in the original Complaint due to Plaintiff's failure to identify the materials with sufficient specificity.

Regarding the "tweaking" of the negligence claim against Thomas, the Magistrate Judge pointed out the Screening Order did not identify deficiencies but dismissed the claim because the Court declined to exercise supplemental jurisdiction over Thomas after dismissing all federal claims alleged against him. The "tweaking" of the negligence claim was therefore futile.

Finally, the Magistrate Judge addressed Plaintiff's attempts to resurrect his retaliation claims even though he failed to address the proposed amendments in his Motion. The Magistrate Judge found that Plaintiff still failed to state a claim for retaliation making only "threadbare recitals of the elements" "supported by mere conclusory statements."

In his 17-page Objections, Plaintiff attempts to again seek reconsideration of the Screening Order and addresses matters outside the scope of his proposed Amended Complaint. This Court will only address the specific objections to the Magistrate Judge's Report and Recommendation and will not comment on or discuss the extraneous issues and arguments made by Plaintiff.

## I. PROPOSED AMENDMENT TO WITHHELD MAIL CLAIM AGAINST ROBERTSON AND GRIEGO

Plaintiff asserts that the Magistrate Judge's conclusion that he had failed to allege facts to show there was no legitimate penological interest in Robertson and Griego's withholding of his mail "is a blatantly false statement." He then points to certain paragraphs in his proposed Amended Complaint that he claims gives "a detailed breakdown of every piece of mail seized" and "describes the content of both incoming and outgoing mail seized.

This Court's Screening Order allowed Plaintiff to proceed on his claim regarding the seizure of his February 24, 2019 **outgoing** mail by Robertson and Griego. The proposed amendment relates to the dismissal of an i**ncoming** mail claim involving two manila envelopes. This claim was dismissed for failure to allege sufficient facts to assert how Robertson and Griego were responsible for confiscating these two envelopes. Plaintiff's amendment to paragraph 24 says he knows Robertson was responsible because he placed the envelopes in the mailbox himself. Plaintiff's dismissed claim is not about outgoing but incoming mail. Nothing in his amendment to paragraph 24 addresses the withholding of the incoming two manila envelopes.

While Plaintiff claims that paragraph 89 describes the contents of one of the pieces

of incoming mail seized, paragraph 89 describes an item of outgoing mail. Moreover, the Magistrate Judge was not required to scour Plaintiff's 61-page proposed Amended Complaint to try to find among the 280 allegations, the one that may have described the contents of the 2 manila envelopes.

Even in his Objections, Plaintiff never tells the Court what he alleged to show lack of legitimate penological interest. He only says that it "was demonstrated thrughout numerous other paragraphs" in the Complaint. This Court has no more obligation than the Magistrate Judge to search through the lengthy Complaint to find the paragraphs Plaintiff says are there.

Plaintiff's objection to any amendment of the dismissed incoming mail claim is overruled.

**II.     AMENDMENTS TO ATTORNEY/CLIENT PRIVILEGE CLAIM**

Plaintiff's original Complaint did not include a claim that Rieland and Aleman violated his rights by reading attorney/client privileged material during a cell search on March 7, 2019. His Motion to Amend says it was accidentally omitted. Count 11 alleged a First Amendment claim against Sigmon and Griego only based on their claimed review of privileged material in Sigmon's office. This Count was dismissed in the Screening Order because Plaintiff failed to allege that Sigmon and Griego reviewed attorney communications and did not identify with sufficient specificity any of the documents to demonstrate they might be subject to an attorney work product privilege. Plaintiff's proposed Amended Complaint does not attempt to cure these deficiencies but instead add a new allegation about Rieland and Aleman and mistakenly claims it is an amendment to Count 8 which is the dismissed state law negligence claim. The new paragraph 269 says Rieland and Aleman went through privileged legal correspondence during the March 7 search of his cell. Plaintiff's new paragraph 37 says he observed Rieland and Aleman through the cell door window reading through his legal correspondence with his attorney. He further alleges that when he was allowed back into his cell "this material was out of its

envelopes and laid across the bed and floor." Although the Court had already told Plaintiff that he had to allege what the materials were with sufficient specificity he has not done so and the Magistrate Judge correctly found that the proposed amendment failed to state a claim.

Plaintiff's objections to the denial of his amendment to add a First Amendment claim against Rieland and Aleman are overruled.

### III.   "TWEAKING" THE STATE LAW NEGLIGENCE CLAIM AGAINST DEFENDANT THOMAS

The Magistrate Judge explained that this amendment was futile because this claim was not dismissed for failure to state a claim but because after the dismissal of all federal claims brought against Thomas, the Court declined to exercise supplemental jurisdiction. In his Objections, Plaintiff appears to recognize that this amendment is dependent upon the resurrection of his retaliation claim which will be discussed below.

The objection to denial of amendment to Count 8 as futile is overruled.

### IV.   RESURRECTION OF RETALIATION CLAIMS

The Screening Order dismissed Plaintiff's four retaliation counts explaining that while Plaintiff had sufficiently alleged some First Amendment violations for the withholding of some of his incoming and outgoing mail, he failed to state a separate claim for retaliation by failing to adequately allege that Defendants were retaliating against him or that their actions had a chilling effect or caused him more than minimal harm. Although the pending Motion does not say anything about amending the retaliation claims, both the Defendants in their Response and the Magistrate Judge in her Report and Recommendation addressed the additions to the proposed Amended Complaint that reflected Plaintiff's attempt to re-allege retaliation. The Magistrate Judge addressed the sufficiency of the amended allegation that "the various retaliations and punishments for writing described in this case have chilled and deterred Plaintiff's First Amendment activities. It has left

Plaintiff paranoid, afraid to write out of fear that any staff members at any moment may arbitrarily object to something Plaintiff has written." She concluded that the allegations were insufficient for the same reasons noting in the Screening Order and noted Plaintiff's continued exercise of his First Amendment rights including communicating by mail and email over the entire span of this litigation including its filing. She also noted that Plaintiff still made only "threadbare" recitation of the elements supported only by conclusory statements rather than alleged facts.

Plaintiff's Objections include argument about why the Screening Order was wrong which is not before the Court and will not be addressed. Rather than address how his proposed Amended Complaint was sufficient, Plaintiff's Objections assert facts untethered to any allegations in the rejected amendment. The Court agrees with the Magistrate Judge that Plaintiff's allegations may support his First Amendment claim but are insufficient to support retaliation.

Plaintiff's objections to the denial of amendment to reassert the dismissed retaliation counts are overruled.

**IT IS ORDERED** overruling Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge.

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to Amend as Matter of Course. (Doc. 15)

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Enlarge Scheduling Order to Allow Amended Pleadings with Leave to Amend as moot. (Doc. 15)

Dated this 30th day of June, 2022.

_____
Susan R. Bolton
United States District Judge